Finley *v.* Taylor.

JOS. W. FINLEY *v.* JOHN TAYLOY, Ex'r, *et al.*

1. CHANCERY PLEADING AND PRACTICE. *Bill of review.* A bill of review will not lie for error apparent, where a decree was pronounced dismissing the bill, when some of the defendants to it had not answered.

Case cited: Eaton *v.* Dickinson, 3 Sneed, 401.

2. SAME. SAME. A bill of review for new matter, or newly discovered evidence, can only be filed by leave of court, and such leave cannot be granted except in open court.

Cases cited: Colville *v.* Colville, 9 Hum., 525; Frazer *v.* Sypert, 5 Sneed, 104.

FROM HAMILTON.

FREEMAN, J., delivered the opinion of the court.

This is a bill of review, filed to review a decree pronounced in the chancery court of Hamilton county.

The causes assigned in the bill on which the review of the chancellor's decree is asked are, first, an error of law apparent on the face of the decree, to-wit: that the cause was not at issue, and proof taken in the cause upon disputed points. Second, the executors, parties to the original bill and amended bill, had not answered the same. Third, for newly discovered evidence.

The case was determined the 22d of April, 1873, and this bill filed August, 1873.

As to the first matter—error of law assumed to appear on the face of the decree, that is, that the cause was not at issue by reason of the fact that

some of the parties had not answered the bill and
amended bill—we do not think this furnishes any
ground for such a bill.    The error for which a bill
of review lies, is an erroneous conclusion of law as
to the rights of the parties.    Assuming the facts
found in the decree by the chancellor, and comparing
the decree with the pleadings, if the conclusion drawn
by the chancellor is not warranted, then such decree
may be vacated on review.    *Eaton* v. *Dickinson, adm'r,*
3 Sneed, 401.    By this rule no such error is found
in this decree, as it is simply one dismissing the bill
on the hearing.    If the case was not ready for hear-
ing, the party should have applied for a continuance.
At any rate, we are clear that this furnishes no
ground for a bill of review.

A bill of review for new matter, or newly discov-
ered evidence, can only be filed by leave of the court.
This bill was presented to the chancellor at chambers,
who gave a fiat, directing the paper to be filed as a
bill of review, or a bill in the nature of a bill of
review, subject to all proper legal or equitable de-
fenses.    In the case of *Colville* v. *Colville,* 9 Hum.,
524, the fiat of the chancellor was almost in the lan-
guage of the one found in this case.    The bill, on
motion, was ordered to be taken from the file, be-
cause such leave to file could only be given in open
court.    This was the only question in the case.    The
court held that it was not a matter of right to file
such a bill, but leave must be obtained, and that
such leave must be granted in open court.    In other
words, it is a judicial act, and the leave granted only

in the exercise of this discretion by the court, after due consideration of the facts alleged and shown by affidavit. The chancellor might well refuse to grant it where the facts alleged, if admitted, would be sufficient to change the decree, when the court, looking to all the facts and circumstances, should decree it productive of mischief to innocent parties, or for any other cause unadvisable. *Frazer, adm'r,* v. *Syput,* 5 Sneed, 104, and authorities there cited.

There being no ground for the bill of review for error apparent on the face of the decree, the bill having been improperly filed as a bill of review for newly discovered evidence, we hold the chancellor correctly dismissed it on the demurrer of respondents. The general practice in such cases is to move to take the bill from the files, but when we can see the proper result has been attained, the form of reaching the end is not deemed material. This court cannot reverse for matters of form, but only for substance. The decree of the chancellor must be affirmed.